MICHAEL S. POZSGAY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pozsgay v. Commissioner
Docket No. 18244-94
United States Tax Court
T.C. Memo 1995-365; 1995 Tax Ct. Memo LEXIS 365; 70 T.C.M. (CCH) 301; August 3, 1995, Filed *365 An Order granting respondent's Motion for Partial Summary Judgment will be issued. For respondent: Anthony S. Gasaway and Nancy M. Galib. ARMEN
ARMEN
MEMORANDUM OPINION ARMEN, Special Trial Judge: This matter is presently before the Court on respondent's Motion for Partial Summary Judgment that petitioner is liable for an addition to tax for fraud under section 6653(b)(1) and a penalty for fraud under section 6663(a) for the taxable years 1988 and 1989, respectively. [1] As explained in more detail below, we agree with respondent that partial summary judgment is appropriate. Background
On July 5, 1994, respondent mailed a notice of deficiency to Michael S. Pozsgay (petitioner). In said notice, respondent determined deficiencies in, as well as additions to and a penalty in respect of, petitioner's Federal income taxes as follows: Year
Deficiency
1988
$ 515,031
1989
1,276,644
1990
522,043
1991
111,539
1992
164,823
*366 Additions to Tax and Penalty
Sec.
Sec.
Sec. Sec.
Sec. Year
6651(a)(1)
6653(b)(1)
6654 6661
6663(a)
1988
--   $ 69,510
--   $ 128,679.25
--   1989
--   -- --   --   $ 25,519.50
1990
$ 128,152.25
-- $ 34,112.80
--   --   1991
23,584.75
-- 5,997.29
--   --   1992
38,905.75
-- 4,419.11
--   --   Petitioner filed a timely petition for redetermination with the Court on October 6, 1994. [2]
Respondent filed a timely answer to the petition. In her answer, respondent included affirmative allegations in support of her determination that petitioner is liable for an addition to tax and a penalty for fraud for the taxable years 1988 and 1989, respectively. Petitioner failed to file a reply to respondent's answer within the 45-day time period prescribed in Rule 37(a). This failure prompted respondent to file, pursuant to Rule 37(c), a motion for entry of order that undenied *367 allegations in the answer be deemed admitted. Petitioner was notified of the filing of respondent's Rule 37(c) motion by Notice of Filing dated February 6, 1995. Because petitioner failed to respond to the Notice of Filing and failed to file a reply to respondent's answer, we granted respondent's Rule 37(c) motion and the undenied allegations set forth in respondent's answer were deemed to be admitted. [3] See ; . *368 As indicated, respondent now moves for partial summary judgment with respect to petitioner's liability for the addition to tax and the penalty for fraud. By Notice of Hearing dated May 2, 1995, respondent's Motion for Partial Summary Judgment was calendared for hearing at the motions session of the Court in Washington, D.C., on June 14, 1995. Counsel for respondent appeared at the hearing and presented argument in support of the motion. No appearance was made by or on behalf of petitioner at the hearing, nor did petitioner file a statement with the Court pursuant to Rule 50(c). [4]
Facts Deemed Admitted
During 1988 and 1989, petitioner was a medical doctor specializing in the field of radiology. During those years, petitioner derived and realized taxable income in the form of salary and *369 bonus payments from Radiological Associates, Ltd. (Radiological). During 1988 and 1989, Radiological was a corporation that provided diagnostic X-ray services to certain hospitals located throughout southern Illinois. Petitioner was the president of Radiological. Radiological was dissolved in 1993 after its assets were acquired by Professional Services, a joint venture between separate professional corporations organized by petitioner and another individual, Dr. Crawford. For many years prior to and including 1988 and 1989, Radiological paid petitioner a monthly salary of $ 10,000. That salary amounted to $ 120,000 for each year and was reported on petitioner's Federal income tax return as wages for those years. At the same time, Radiological paid petitioner bonus amounts based on Radiological's profits. During 1988 and 1989, petitioner received bonuses from Radiological totaling $ 331,000 and $ 121,520, respectively. Those amounts were not reported by petitioner on his 1988 and 1989 income tax returns. Petitioner and Dr. Crawford had an agreement that all amounts paid as bonuses during all years, including 1988 and 1989, constituted income to the recipient. Moreover, during 1988 *370 and 1989, Radiological maintained a bonus ledger wherein each bonus payment was recorded. At the close of both the 1988 and 1989 taxable years, petitioner was provided with a copy of his bonus ledger. During 1988 and 1989, petitioner instructed Radiological's office manager to conceal the nature of the bonus payments made to petitioner. There are no (nor have there ever been any) written agreements, resolutions, notes or other evidence of indebtedness, or any other documents classifying any of the bonuses paid to petitioner during 1988 and 1989 as loans from any person or entity to petitioner. During 1988 and 1989, petitioner attempted to conceal the bonus payments that he received from Radiological by making corporate checks payable to his children. Petitioner's children were not employed by Radiological during 1988 or 1989. The concealed bonus payments served to increase petitioner's personal wealth. Petitioner's failure to report the bonus payments that he received from Radiological as income on his Federal income tax returns for 1988 and 1989 was part of an ongoing scheme by petitioner to evade both the assessment and payment of Federal income taxes. More specifically, in years *371 prior to 1988, including 1985, 1986, and 1987, petitioner prepared his own income tax returns and reported all wages and bonuses received from Radiological as gross income. However, during those years, petitioner attempted to reduce his taxable income by claiming excessive deductions. Those deductions were later challenged by respondent, resulting in deficiency determinations for each of those years. During the same period, petitioner organized a corporation in the name of Guardian Resources, Inc. in the British Virgin Islands for the purpose of concealing his ownership of various art objects. Petitioner's 1988 and 1989 tax returns were prepared by or at the direction of Gary Krauss, a certified public accountant, from information provided by petitioner. Petitioner fraudulently and with the intent to evade tax devised a scheme to avoid both the assessment and collection of his 1988 and 1989 taxes. That scheme included, in part, his failure to report bonus income from Radiological and his concealment of ownership of assets. Petitioner fraudulently and with intent to evade tax ignored Radiological's bonus ledger in computing his gross income for 1988 and 1989. Petitioner fraudulently *372 and with the intent to evade taxes filed income tax returns for 1988 and 1989 that omitted $ 331,000 and $ 121,520 in bonus income, respectively. A part of the underpayment of tax required to be shown on petitioner's 1988 and 1989 income tax returns is due to fraud. Discussion
Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. . Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); , affd. ; ; . The moving party bears the burden of *373 proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. ; . The factual allegations deemed admitted under Rule 37(c) establish that petitioner failed to report $ 331,000 and $ 121,520 in bonus income on his 1988 and 1989 Federal income tax returns, respectively. For 1988, section 6653(b)(1) provides that if any part of the underpayment of tax required to be shown on the return is due to fraud, there shall be added to the tax an amount equal to 75 percent of the portion of the underpayment that is attributable to fraud. [5] For 1989, section 6663(a) imposes a similar penalty. [6]
*374 Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing. , affg. ; affg. , and cases cited therein. Respondent has the burden to prove fraud for each taxable year by clear and convincing evidence. Sec. 7454(a); Rule 142(b). Fraud is a question of fact to be resolved upon consideration of the entire record and is never presumed. . Respondent's burden of proving fraud can be met by facts deemed admitted pursuant to Rule 37(c). ; see . In the instant case, petitioner is deemed to have admitted, pursuant to Rule 37(c), that: (1) He fraudulently and with the intent to evade taxes failed to report $ 331,000 and $ 121,520 in bonus income on his Federal *375 income tax returns for 1988 and 1989, respectively; and (2) a part of the underpayment of tax required to be shown on each of his 1988 and 1989 income tax returns is due to fraud. We hold that the facts deemed admitted pursuant to Rule 37(c) satisfy respondent's burden of proving fraud. . Those facts constitute clear and concise evidence that: (1) Petitioner fraudulently and with the intent to evade taxes failed to report $ 331,000 and $ 121,520 in bonus income on his income tax returns for 1988 and 1989, respectively; and (2) a part of the underpayment of tax required to be shown on each of petitioner's 1988 and 1989 income tax returns is due to fraud. Consequently, respondent is entitled to partial summary judgment that petitioner is liable for (1) the addition to tax for fraud under section 6653(b)(1) for 1988, and (2) the penalty for fraud under section 6663(a) for 1989. In order to reflect our conclusions herein, An Order granting respondent's Motion for Partial Summary Judgment will be issued. Footnotes
1. All section references are to the Internal Revenue Code in effect for the taxable years in issue and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At the time that the petition was filed, petitioner resided in St. Louis, Missouri.↩
3. The Notice of Filing expressly advised petitioner of the potential consequences that would attend a failure to file a reply. In this regard, the Notice of Filing stated as follows: You are hereby notified that the respondent * * * filed a motion in the above-entitled case for an order that the specified affirmative allegations in the answer be deemed admitted. If petitioner files a reply as required by Rule 37(a) and (b) of this Court's Rules * * * respondent's motion will be denied. If petitioner does not file a reply as directed herein, the Court will grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer.↩ [Emphasis added.]
4. Petitioner was reminded of the applicability of Rule 50(c) in the Court's Notice of Hearing dated May 2, 1995, and expressly that he could submit a written statement in lieu of (or in addition to) attendance at the hearing.↩
5. Respondent determined that the underpayment due to fraud for 1988 is $ 92,680. Seventy-five percent of that amount is $ 69,510.↩
6. Respondent determined that the underpayment due to fraud for 1989 is $ 34,026. Seventy-five percent of that amount is $ 25,519.50.↩